**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: SUNEDISON, INC. SECURITIES LITIGATION | No. 1:16 MD 2742 (PKC) (RWL) |
| This Document Applies To: | |
| *In re TerraForm Global, Inc. Securities Litigation*, 1:16-cv-07967-PKC | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (together with all Exhibits thereto, the "Stipulation"), dated as of December 14, 2017, which is entered into by and among: (i) the Lead Plaintiff Pyramid Holdings, Inc., on behalf of itself and on behalf of the Settlement Class (as defined herein) and Plaintiffs Iron Workers Mid-South Pension Fund and Simon Fraser (collectively, "the Plaintiffs"); (ii) Defendant TerraForm Global, Inc. ("Global" or the "Company"); (iii) Defendants Ahmad Chatila, Carlos Domenech Zornoza, Jeremy Avenier, Martin Truong, Brian Wuebbels (the "Individual Defendants"); and (iv) Defendants J.P. Morgan Securities LLC, Barclays Capital Inc., Citigroup Capital Markets, Inc., Morgan Stanley & Co. LLC, Goldman Sachs & Co. (n/k/a Goldman Sachs & Co. LLC), Merrill Lynch, Pierce, Fenner & Smith Incorporated, Deutsche Bank Securities Inc., BTG Pactual US Capital LLC, Itaú BBA USA Securities, Inc., SMBC Nikko Securities America, Inc., SG Americas Securities, LLC, and Kotak Mahindra Inc. (the "Underwriter Defendants") (collectively with Global and the Individual Defendants, the "Defendants"), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Settling Parties (as defined herein) and is intended by the Settling Parties to fully and finally release, resolve, remise, and

ActiveUS 165454148

discharge, now and forever, the Released Claims (as defined herein) against the Released Parties (as defined herein), subject to the approval of the United States District Court for the Southern District of New York (the "Southern District").

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below.

**WHEREAS:**

**A.     The Action**

This litigation is a consolidation of the following putative class actions alleging violations of the Securities Exchange Act of 1933 as against the Defendants: *Beltran v. TerraForm Global, Inc. et al.*, No. 16-cv-07967-PKC; *Pyramid Holdings, Inc. v. TerraForm Global, Inc. et al.*, No. 16-cv-07981-PKC; *Anton S. Badri v. TerraForm Global, Inc. et al.*, No. 16-cv-07996-PKC; *Iron Workers Mid-South Pension Fund v. TerraForm Global Inc., et al.*, No. 16-cv-07997-PKC; and *Simon Fraser v. TerraForm Global, Inc. et al.*, No. 16-cv-08003-PKC (the "Original Actions"). The Original Actions were transferred by the U.S. Judicial Panel on Multidistrict Litigation (the "JPML") and associated with an action before the JPML styled as *In re: SunEdison, Inc., Securities Litigation*, 16-MD-2742 (the "SunEdison Action"). The SunEdison Action was assigned to the Southern District before Judge P. Kevin Castel (the "Court"). The SunEdison Action also includes, but is not limited to, the following individual actions relating to securities offerings by Global and/or its subsidiaries: *Glenview Capital Partners v. SunEdison*, 16 CV 8032 (S.D.N.Y.), CIV 537971 (San Mateo); *Oklahoma Firefighters Pension & Ret. Sys. v. SunEdison*, 16 CV 07995 (S.D.N.Y., CIV 537965 (San Mateo); *Omega Capital Investors v. SunEdison*, 16 CV 7428 (S.D.N.Y.), CIV 537977 (San Mateo); *Kingdon Associates v. Terraform Global*, 16 CV

ActiveUS 165454148

8202 (S.D.N.Y.), 16 CIV 00459 (San Mateo); *VMT II v. TerraForm Global*, 16 CV 8204 (S.D.N.Y.), 16 CIV 01433 (San Mateo); *Canyon Capital Advisors v. Terraform Global*, 16 CV 9171 (S.D.N.Y.), 16 CIV 00827 (San. Mateo) (the "Individual Actions").   On December 12, 2016, the Court consolidated the Original Actions and captioned the consolidated action as *In re TerraForm Global, Inc. Securities Litigation*. (Dkt. No. 139) (defined in paragraph 1.1 as the "Action").  The Court also appointed Pyramid Holdings, Inc. as Lead Plaintiff ("Lead Plaintiff") and appointed Abraham, Fruchter & Twersky, LLP as Lead Counsel ("Lead Counsel"). *Id.*

On December 19, 2016, an Initial Conference was held before Judge Castel. The same day, the Court issued an order directing all parties in the SunEdison Action, including the Action, to participate in private mediation and instituted a limited stay as to all of the member actions that would expire on March 31, 2017 (SunEdison Action Dkt. No. 94).

On January 16, 2017, Lead Plaintiff filed the Consolidated Amended Class Action Complaint in the Action against the Defendants.  (Dkt. No. 119).  On April 21, 2017, Lead Plaintiff filed the Consolidated Second Amended Class Action Complaint against the Defendants (the "SAC").  (Dkt. No. 149).  On June 9, 2017, Defendants filed their motion to dismiss the SAC.  (Dkt. No. 152).  On July 22, 2017, Plaintiffs filed their opposition to Defendants' motion. (Dkt. No. 157).  On August 18, 2017, Defendants filed their reply brief in support of their motion.  (Dkt. No. 158).  While the motion to dismiss was pending, a settlement in principle was reached.

### B.    The Settlement

The Settling Parties mediated through Judge Layn Phillips (Ret.) of Phillips ADR.  Judge Phillips conducted mediation sessions attended by Plaintiffs' counsel and counsel for other Settling Parties on February 10, 2017, February 27, 2017, March 2, 2017, and March 3, 2017.  A

ActiveUS 165454148

settlement was not reached at any of these mediation sessions.  On October 31, 2017, a further mediation was held with Judge Phillips.  This mediation was successful and a settlement in principle was reached. On November 1, 2017, the Settling Parties informed the Court of the mediated resolution of the Action (Dkt. No. 204).

This Stipulation memorializes the agreement between the Settling Parties to fully and finally settle the Action and to fully and finally release all Released Claims against Defendants and the Released classwith prejudice in return for specified consideration.

### C.      Claims of Plaintiffs And Benefits of Settlement

Plaintiffs believe that the claims asserted in the Action have merit.  Plaintiffs, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals.  Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation.  In particular, Plaintiffs have considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses that have been, or could be, asserted by Defendants during the litigation, motion for summary judgment, motion for class certification and trial.  Plaintiffs have therefore determined that the Settlement (defined below) set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

### D.      The Defendants' Denial Of Wrongdoing And Liability

Throughout the course of the Action, in this Stipulation, and as part of this Settlement, Defendants have denied, and continue to deny, each, any, and all allegations of wrongdoing, fault, liability or damage whatsoever that have, or could have been, asserted in the Action by or on behalf of Plaintiffs and/or any member of the putative class.  Defendants have also denied, and continue to deny, *inter alia*, all of the allegations and claims that have been, or could have

4

been, asserted by Plaintiffs, as well as the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action, or that such conduct could give rise to legal liability of any kind.  Defendants continue to believe the claims asserted against them in the Action are without merit and that the Action itself should not be certified as a class action for purposes of trial and adjudication of liability and damages.  Defendants have not conceded or admitted any wrongdoing or liability, are not doing so by entering into this Stipulation, and disclaim any and all wrongdoing and liability whatsoever.

Defendants have agreed to enter into this Stipulation solely to avoid the uncertainties, burden and expense of further litigation and to put the Released Claims to rest finally and forever. Nothing in this Stipulation, whether or not consummated, shall be construed as, or deemed to be, evidence supporting, or an admission or concession on the part of any Defendant or any of the Released Parties with respect to, any of Plaintiffs' allegations or claims, or of any wrongdoing, fault, liability or damages whatsoever.

**NOW, THEREFORE,** without any admission or concession on the part of Plaintiffs of any lack of merit of the Action whatsoever, and without any admission or concession on the part of Defendants of liability or wrongdoing, or lack of merit of any defenses to any of Plaintiffs' claims, **IT IS HEREBY STIPULATED AND AGREED** by and among the Plaintiffs (on behalf of themselves and each of the Settlement Class Members) and Defendants (by and through their respective undersigned counsel), that, subject to the approval of the Court, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled and released, the Action shall be dismissed fully, finally and with prejudice

ActiveUS 165454148

and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

1.      **Definitions**

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

1.1.      "Action" means the putative class action captioned *In re TerraForm Global Securities Litigation.*, Case No. 16-cv-07967 (S.D.N.Y.).

1.2.      "Additional Plaintiffs' Counsel" means Robbins Arroyo, LLP and Glancy Prongay & Murray LLP.

1.3.      "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, Taxes and Tax Expenses, the costs of publishing the summary notice, the costs of printing and mailing the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund (as defined in paragraph 7.2(d)) to the Authorized Claimants.  Such costs may include costs incurred but not yet paid.  Such costs do not include legal fees.

1.4.      "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

1.5.      "Award to Plaintiffs" means the requested reimbursement to Plaintiffs for their reasonable costs and expenses (including lost wages) directly related to Plaintiffs' representation of the Settlement Class in the Action.

ActiveUS 165454148

1.6.     "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of New York.

1.7.     "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.8.     "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

1.9.     "Claims Administrator" means Garden City Group (aka "GCG"), which shall administer the Settlement.

1.10.     "Common Stock" means the shares of common stock of TerraForm Global, Inc.

1.11.     "Effective Date" shall have the meaning set forth in ¶ 10.4 of this Stipulation.

1.12.     "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent,

7

subject to the Court's supervisory authority, for the benefit of Lead Plaintiff and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

1.13.    The "Escrow Agent" is Garden City Group (aka "GCG"). The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

1.14.    "Final" when referring to the Final Judgment means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date the last-taken appeal or request for review is dismissed, or the Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement or affect its terms, including the release in ¶ 6.1, or shall affect or delay the date on which the Final Judgment becomes Final.

1.15.    "Final Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action, materially in the form attached hereto as Exhibit B.

1.16.    "Individual Defendants" means Ahmad Chatila, Carlos Domenech Zornoza, Jeremy Avenier, Martin Truong, and Brian Wuebbels.

1.17.    "Insurers" means, collectively, the primary and excess insurers under director and officer liability policies under which TerraForm Global, Inc. has sought coverage for the Action.

1.18.    "Lead Counsel" means Abraham, Fruchter & Twersky, LLP.

ActiveUS 165454148

1.19.     "Lead Plaintiff" means Pyramid Holdings, Inc.

1.20.     "Notice" means the "Notice of Pendency and Proposed Settlement of Class Action," which is to be sent to Settlement Class Members substantially in the form attached hereto as Exhibit A-1.

1.21.     "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members and have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto.

1.22.     "Person" means an individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.23.     "Plaintiffs" means Lead Plaintiff Pyramid Holdings, Inc., Iron Workers Mid-South Pension Fund, and Simon Fraser.

1.24.     "Plaintiffs' Counsel" means Lead Counsel and Additional Plaintiffs' Counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of Plaintiffs and the Settlement Class in the Action.

1.25.     "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs, and expenses, and Award to Plaintiffs as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect thereto.

9

**1.26.** "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class substantially in the form attached hereto as Exhibit A.

**1.27.** "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

**1.28.** "Registration Statement" means the Form S-1 Registration Statement as amended and filed by the Company with the Securities and Exchange Commission that became effective on July 31, 2015.

**1.29.** "Related Parties" means each of a Defendant's past, present or future, direct or indirect, parents, subsidiaries, divisions, affiliates, and their and each Defendant's respective present or former directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, predecessors, successors, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, or any trust of which an Individual Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his family.

**1.30.** "Released Claims" means and includes any and all Claims and Unknown Claims (as defined in ¶ 1.41) that have been or could have been asserted against Defendants and their Related Parties, which arise out of, are based upon, or relate in any way to the purchase or acquisition, holding, sale or disposition of Global Common Stock purchased or otherwise acquired pursuant to or traceable to the Registration Statement, including but not limited to any claims alleged in the Action, and any Claims or Unknown Claims related to the

ActiveUS 165454148

allegations, transactions, facts, events, matters, occurrences, acts, disclosures, representations, statements, omissions, failures to act, or any other matter whatsoever involved, set forth, referred to, or otherwise related, directly or indirectly, to the allegations in the Action or the disclosures made in connection therewith (including the adequacy and completeness or such disclosures). Notwithstanding the foregoing, "Released Claims" does not include claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement. "Released Claims" does not include the claims asserted by the plaintiffs in the Individual Actions.

1.31.     "Released Parties" means jointly and severally, individually and collectively, Global, the Individual Defendants, and the Underwriter Defendants, and each and all of their Related Parties, including, without limitation, all of Global's and SunEdison's current and former officers, directors, and employees.

1.32.     "Releasing Parties" means jointly and severally, individually and collectively, Plaintiffs, each and every Settlement Class Member, each of their respective present, former and future direct and indirect parent entities, associates, affiliates, subsidiaries, predecessors, successors, and the officers, directors, attorneys, assigns, legal representatives, and agents of each of them, each of their respective officers, directors, attorneys, legal representatives, and agents, and any person or entity which is or was related to or affiliated with any Releasing Party or in which any Releasing Party has a controlling interest, and each of their respective immediate family members, heirs, representatives, administrators, executors, trustees, successors, assigns, devisees, legatees, and estates.

1.33.     "Settlement" means the settlement contemplated by this Stipulation.

1.34.   "Settlement Amount" means the sum of $57,000,000 (Fifty-Seven Million U.S. Dollars). The Settlement Amount includes all Administrative Costs, Plaintiffs' Counsel's attorneys' fees and expenses (as allowed by the Court), Award to Plaintiffs (as allowed by the Court), Settlement Class Member benefits, as well as any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

1.35.   "Settlement Class" means all Persons who purchased or acquired Common Stock pursuant to or traceable to the Registration Statement, without limitation as to time, except that excluded from the Settlement Class are: (i) Defendants and their respective successors and assigns; (ii) past and current officers and directors of Global, SunEdison, Inc. ("SunEdison"), and the Underwriter Defendants; (iii) blood relatives and household members of any Individual Defendant; (iv) the legal representatives, heirs, successors or assigns of the Individual Defendants; (v) any entity in which any of the above excluded Persons have or have had a majority ownership interest; (vi) Opt-Outs; and (vii) Persons who have no compensable damages.  All current or former Global shareholders who had litigation pending against Global in the SunEdison Action as of October 31, 2017, including but not limited to the Individual Actions, shall be regarded as Opt-Outs from the Settlement Class, but are not to be considered Opt-Outs for purposes of the Supplemental Agreement as provided in ¶10.6 below.

1.36.   "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

1.37.   "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

1.38.   "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to

ActiveUS 165454148

whether the Settlement contained in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

       1.39.      "Settling Party" means any one of, and "Settling Parties" means all of, the parties to the Stipulation, namely Defendants and Plaintiffs (on behalf of themselves and the Settlement Class).

       1.40.      "Underwriter Defendants" means J.P. Morgan Securities LLC, Barclays Capital Inc., Citigroup Capital Markets, Inc., Morgan Stanley & Co. LLC, Goldman Sachs & Co. (n/k/a Goldman Sachs & Co. LLC), Merrill Lynch, Pierce, Fenner & Smith Incorporated, Deutsche Bank Securities Inc., BTG Pactual US Capital LLC, Itau BBA USA Securities, Inc., SMBC Nikko Securities America, Inc., SG Americas Securities, LLC, and Kotak Mahindra Inc.

       1.41.      "Unknown Claims" means and includes any and all claims that one or more Releasing Parties does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties.  This includes claims which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision(s) with respect to the Settlement and the Released Claims, including his, her, or its decision to object or not to object to this Settlement.  The Settling Parties expressly acknowledge, and the Releasing Parties by operation of the Final Judgment shall have, and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

*A general release does not extend to claims which the creditor does not know or suspect to exist*

*in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.*

Plaintiffs, Releasing Parties, or Released Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly, fully, finally, and forever settle and release, and each other Releasing Party shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Final Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties expressly acknowledge, and each other Releasing Party and Released Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and is a material element of the Settlement.

2.    **The Settlement Consideration**

2.1.    In consideration of the full and final release, settlement and discharge of all Released Claims against the Released Parties, Defendant Global shall (subject to ¶ 10.2) within ten (10) Business Days after receiving written notice that the Court has entered the Preliminary Approval Order, cause a payment of the Settlement Amount by wire transfer or check, to the Escrow Account, provided that the Escrow Agent has provided Defendant Global's counsel with complete wire and transfer information and instructions and a completed Form W-9 at least three Business Days prior to the date of such payment.

2.2.    Under no circumstances will Global (including each and all of its Related Parties) or the Insurers be required to pay, or cause payment of, more than the Settlement

Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member, as payment of attorneys' fees and expenses awarded by the Court, in payment of any fees or expenses incurred by any Settlement Class Member or Plaintiffs' Counsel, or as interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account).  Nor shall any Defendant other than Global be required to pay, or cause payment of, the Settlement Amount or any portion thereof.

        **2.3.**        Global shall provide expedited, cost effective, non-intrusive confirmatory discovery.  Any disputes shall be submitted to Judge Layn Phillips for resolution.

      **3.**        **Handling And Disbursement Of Funds By The Escrow Agent**

        **3.1.**        No monies will be disbursed from the Settlement Fund until after the Effective Date except:

        **(a)**        As provided in ¶ 3.4 below;

        **(b)**        As provided in ¶ 8.2 below;

        **(c)**        As provided in ¶ 10.10 below, if applicable; and

        **(d)**        To pay Taxes and Tax Expenses (as defined in ¶ 4.1 below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

        **3.2.**        The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Escrow

Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Settling Parties and the Insurers. Defendants, their counsel, their Insurers and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶ 3.2.

3.3.     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

3.4.     At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Plaintiffs' Counsel up to $250,000 (Two Hundred Fifty Thousand U.S. Dollars) from the Settlement Fund prior to the Effective Date to pay Administrative Costs. After the Effective Date, additional amounts, totaling up to $100,000 (One Hundred Thousand Dollars), may be transferred from the Settlement Fund to pay for any necessary additional Administrative Costs without further order of the Court.

4.     **Taxes**

4.1.     The Settling Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Plaintiffs' Counsel or their designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections

16

shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(a)     For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶ 4.1) shall be consistent with this ¶ 4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(b)     All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their counsel or their Insurers with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate.  Defendants, their counsel, their Insurers and the other Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be

17

treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court.  The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). Defendants, their counsel, their Insurers and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to the foregoing provided in this ¶ 4.1.  The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶ 4.1.

## 5. Preliminary Approval Order, Notice Order, And Settlement Hearing

5.1.      As soon as practicable after execution of this Stipulation, Plaintiffs' Counsel shall submit this Stipulation and its exhibits to the Court and shall apply for preliminary approval of the Settlement set forth in this Stipulation, entry of a preliminary approval order, and approval for the mailing and dissemination of notice, substantially in the form of Exhibits A, A-1, A-2, and A-3.  The mailed Notice (Exhibit A-1) shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class.  The date and time of the Settlement Hearing shall be added to the Notice before it is mailed or otherwise provided to Settlement Class Members. Defendants shall not object to, or have any responsibility for, Plaintiffs' Counsel's proposed Plan of Allocation.

ActiveUS 165454148

5.2.         At the time of the submission described in ¶ 5.1 hereof, the Plaintiffs, through their counsel, shall request that, after the Notice is provided, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter the Final Judgment as promptly after the Settlement Hearing as possible.

### 6.        Releases And Covenants Not To Sue

6.1.         Upon the Effective Date, to the fullest extent permitted by law, all Persons other than Released Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any Released Claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning such Persons' participation in any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; provided, however, that nothing herein shall release, bar or alter the contractual rights, if any, under the terms of any written agreement (i) between or among the Underwriter Defendants, or (ii) between the Underwriter Defendants, on the one hand, and Global or any of its Related

19

Parties, on the other hand.  Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

6.2.    Upon the Effective Date, each of Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Settlement Class (except any Settlement Class Member who opts out of the Settlement), Plaintiffs and Plaintiffs' counsel from all Claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, Settlement, or resolution of the Action or the Released Claims except to enforce the releases and other terms and conditions contained in this Stipulation or any Court order (including, but not limited to, the Judgment) entered pursuant thereto.

## 7.    Administration And Calculation Of Claims, Final Awards And Supervision And Distribution Of The Settlement Fund

7.1.    Under the supervision of Plaintiffs' Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants.

7.2.    The Settlement Fund shall be applied as follows:

(a)    To pay the Taxes and Tax Expenses described in ¶ 4.1 above;

(b)    To pay Administrative Costs;

(c)    To pay Plaintiffs' Counsel attorneys' fees with interest and expenses and Award to Plaintiffs (the "Fee and Expense Award"), to the extent allowed by the Court; and

20

        **(d)**     To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶ 7.2(a), (b), and (c) hereof (the "Net Settlement Fund"), plus all accrued interest, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

        **7.3.**     Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court.

        **7.4.**     This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to any of the Defendants or the Insurers.  Defendants, their counsel, their Insurers and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No Person shall have any claims against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Plaintiffs' Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court.  Plaintiffs' Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

        **7.5.**     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to

ActiveUS 165454148

an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

7.6.      To assist in dissemination of notice, Global will cooperate in obtaining from the Company's transfer records, information concerning the identity of Settlement Class Members, including any names and addresses of Settlement Class Members and nominees or custodians that exists in such transfer records ("Settlement Class Information"). The Company shall provide, or cause to be provided, to Plaintiffs' Counsel or the Claims Administrator, at no cost to Plaintiffs or to Plaintiffs' Counsel, within five (5) calendar days after the Court signs an order preliminarily approving the Settlement, transfer records in electronic searchable form, such as Excel or other form acceptable to the Claims Administrator, containing the Settlement Class Information. The Settling Parties acknowledge that any information provided to Plaintiffs' Counsel by the Company pursuant to this Paragraph shall be treated as confidential and will be used by Plaintiffs' Counsel solely to deliver the Notice and Proof of Claim and/or implement the Settlement, including the Plan of Allocation.

7.7.      If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement

22

Fund six (6) months after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $20.00 from such re-distribution.  If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a non-sectarian charity or any not-for-profit successor chosen by Plaintiffs' Counsel, with the approval of the Court.

### 8. Plaintiffs' Counsel's Attorneys' Fees And Reimbursement Of Expenses

8.1.      Plaintiffs' Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund to Plaintiffs' Counsel for: (i) an award of attorneys' fees with interest from the Settlement Fund; (ii) reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action; and (iii) the Award to Plaintiffs.  Defendants shall take no position with respect to the Fee and Expense Application(s).

8.2.      Except as otherwise provided in this paragraph, the attorneys' fees and expenses awarded by the Court shall be paid to Plaintiffs' Counsel from the Settlement Fund immediately after the date the Court enters the Final Judgment and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Final Judgment.  Lead Counsel may thereafter allocate the attorneys' fees among other Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.  In the event that the Effective Date does not occur, or the Final Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is terminated for any other reason, then

23

Plaintiffs' Counsel shall be jointly and severally obligated to refund to the Escrow Account, within fifteen (15) Business Days from receiving notice from any of Defendants' counsel or from a court of appropriate jurisdiction, either the full amount of the fees and expenses or an amount consistent with any modification of the Final Judgment with respect to the fee and expense award, including accrued interest at the same rate as is earned by the Settlement Fund. Each Plaintiffs' Counsel receiving any payment of attorneys' fees or expenses, as a condition of receiving such fees and expenses, agrees that they accept payment subject to the joint and several obligation of each of Plaintiffs' Counsel's (including their respective partners, shareholders, and/or firms) obligation to make repayment to Lead Counsel or to the Settlement Fund of the entire amount paid to them, plus interest thereon at the same rate as earned on the Settlement Fund, within fifteen (15) Business Days from receiving the notice referenced in this paragraph. Plaintiffs' Counsel agree that the law firms and its partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and shall be jointly and severally liable for repayment of all attorneys' fees and expenses awarded by the Court. Any Award to Plaintiffs shall not be paid from the Settlement Fund until after the Effective Date.

        **8.3.**        The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the

ActiveUS 165454148

Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

8.4.       Any award of attorneys' fees and interest and/or expenses to Plaintiffs' Counsel or Award to Plaintiffs shall be paid solely from the Settlement Fund. No Defendant shall have any responsibility for payment of Plaintiffs' Counsel's attorneys' fees and interest, expenses or other Award to Plaintiffs beyond the obligation of Defendant Global to cause the funding of the Settlement Amount as set forth in ¶ 2.1 above.  The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Plaintiffs' Counsel, Plaintiffs, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

**9.       Class Certification**

9.1.       In and pursuant to the Final Judgment, the Settlement Class shall be certified only for purposes of this Settlement, but in the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, then this Action shall revert to its procedural status immediately prior to October 31, 2017, in accordance with ¶ 10.8 herein, in which case all Settling Parties reserve all their rights on all issues, including class certification, and any and all arguments that may be advanced by Plaintiffs and Defendants either for or against class certification shall be preserved in full.  For purposes of this Settlement only, in connection with the Final Judgment, Defendants shall consent to (i) the appointment of Plaintiffs as the class representatives, (ii) the appointment of Lead Counsel as class counsel, and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

ActiveUS 165454148

10.     **Conditions Of Settlement, Effect of Disapproval, Cancellation Or Termination**

10.1.     Plaintiffs, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of his or its election to do so ("Termination Notice") to all other Settling Parties within seven (7) Business Days of:

(i)     entry of a Court order declining to enter the Preliminary Approval Order in any material respect;

(ii)     entry of a Court order refusing to approve this Stipulation in any material respect;

(iii)     entry of a Court order declining to enter the Final Judgment in any material respect;

(iv)     entry of a Court order refusing to dismiss the Action with prejudice;

(v)     entry of an order by which the Final Judgment is modified or reversed in any material respect by any appeal or review;

(vi)     failure on the part of any Settling Party to abide, in material respect, with the terms of this Stipulation. In the absence of any of the events enumerated in the preceding sentence, as well as ¶10.2, ¶ 10.3, ¶ 10.6 or ¶ 10.7, no Settling Party shall have the right to terminate the Stipulation for any reason.

10.2.     If Global's Insurers, at least ten (10) days prior to the Settlement Hearing, for any reason do not pay into the Escrow Account $57,000,000 as described in ¶ 2.1 above, or such portion thereof as is acceptable to Global in its sole discretion, then Global in its sole option shall have the right to terminate the Stipulation.

ActiveUS 165454148

10.3.     If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.1 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class, and not Defendants (other than in accordance with ¶ 10.2), shall have the right, in their sole discretion, to (a) terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the Court's entry of the Final Judgment; or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein.

10.4.     The Effective Date of this Stipulation ("Effective Date") shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

(a)     Defendants have not exercised their option to terminate the Settlement pursuant to ¶ 10.6;

(b)     The Court has entered the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

(c)     The Settlement Amount has been paid into the Escrow Account, as set forth in ¶ 2.1;

(d)     The Court has approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Final Judgment;

(e)     The Final Judgment has become Final as defined in ¶ 1.14; and

(f)     The Action has been dismissed with prejudice.

10.5.     Upon the occurrence of the Effective Date, any and all interest or right of Defendants or the Insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

ActiveUS 165454148

**10.6.**     If prior to issuance of the Final Judgment, Opt-Outs who in the aggregate purchased securities pursuant to or traceable to the Registration Statement in an amount greater than the amount specified in a separate Supplemental Agreement between the Settling Parties (the "Supplemental Agreement"), then Global shall have the option in its sole discretion to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement (hereinafter the "Supplemental Termination Option").  All current or former Global shareholders with litigation pending against Global in the SunEdison Action as of October 31, 2017, including but not limited to the Individual Actions, shall be excluded from the calculation of those shareholders requesting exclusion for the purposes of the Supplemental Agreement. The Settling Parties undertake to keep the Supplemental Agreement confidential, and the Supplemental Agreement shall not be filed with or submitted to the Court unless and until a dispute among the Settling Parties arises concerning its interpretation or application, and then it shall be submitted to the Court in camera or filed under seal, unless otherwise ordered by the Court.

**10.7.**     None of the Settling Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein.  If any Settling Party engages in a material breach of the terms hereof, any other Settling Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Settling Parties.

**10.8.**     In the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, the Settling Parties shall be restored to their respective positions in the Action immediately prior to October 31, 2017, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered,

28

and in that event all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice.

10.9.     In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation, including, for the avoidance of doubt, any order or judgment certifying the Settlement Class as described in ¶ 9.1, shall be treated as vacated, *nunc pro tunc*.

10.10.     In the event the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, within thirty (30) days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund (less Taxes already paid or incurred and any Administrative Costs or Tax Expenses which have either been disbursed or are determined to be chargeable) shall be refunded by the Escrow Agent to the Insurers and Global, in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount by check or wire transfer pursuant to written instructions from the Insurers or Global, as applicable.  Additionally, if the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, neither the Plaintiffs nor any of Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed to the Settlement Class as provided in this Stipulation (for avoidance of doubt, the funding of the Escrow Account does not constitute a disbursement for purposes of the foregoing sentence).  At the request of Global or the Insurers, the Escrow Agent or its designee shall apply for any tax

ActiveUS 165454148

refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to Global or the Insurers pursuant to written direction from the Insurers or Global, as applicable.

       **10.11.**     No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation.

       **11.**     **No Admission Of Liability Or Wrongdoing**

       **11.1.**     The Settling Parties covenant and agree that neither this Stipulation, nor the fact nor any terms of the Settlement, nor any communication relating thereto, nor the Supplemental Agreement, is evidence, or an admission, presumption or concession by any Settling Party or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or that have been or could have been asserted in the Action, or in any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or that have been or could have been asserted in any such action or proceeding.  This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Settling Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Settling Party, Settlement Class Member, or any Released Parties.  Neither this Stipulation, nor the Supplemental Agreement, nor any of the terms and provisions of this Stipulation or the Supplemental Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as,

30

or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Stipulation or the Supplemental Agreement or the Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or Supplemental Agreement or Final Judgment, or as otherwise required by law.

### 12. Miscellaneous Provisions

12.1.     Except in the event of the filing of a Termination Notice pursuant to ¶¶ 10.1, 10.2, 10.3, 10.6 or 10.7 of this Stipulation or termination notice in accordance with the Settling Parties' Supplemental Agreement, the Settling Parties shall take all actions necessary to consummate this agreement; and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

12.2.     The Settling Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement.

12.3.     Each of the attorneys executing this Stipulation, any of its exhibits, or any related Settlement documents on behalf of any Settling Party hereto hereby warrants and

ActiveUS 165454148

represents that he or she has been duly empowered and authorized to do so by the Settling Party he or she represents.

12.4.     Plaintiffs and Plaintiffs' Counsel represent and warrant that the Plaintiffs are Settlement Class Members and none of Plaintiffs' claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action have been assigned, encumbered or in any manner transferred in whole or in part.

12.5.     This Stipulation, together with the Supplemental Agreement, constitutes the entire agreement between the Settling Parties related to the Settlement and supersedes any prior agreements. No representations, warranties, promises, inducements or other statements have been made to or relied upon by any Settling Party concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein and in the Supplemental Agreement. Plaintiffs, on behalf of themselves and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation. In entering this Stipulation, the Settling Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, each Settling Party shall bear its own costs.

12.6.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their counsel or their respective successors in interest.

12.7.     This Stipulation shall be binding upon, and shall inure to the benefit of, the Settling Parties and their respective agents, successors, executors, heirs, and assigns.

ActiveUS 165454148

**12.8.**      The Released Parties who do not appear on the signature lines below, are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

**12.9.**      The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**12.10.**      This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.

**12.11.**      This Stipulation, the Settlement, the Supplemental Agreement and any and all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of New York without regard to conflict of laws principles.

**12.12.**      The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and the Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

**12.13.** The Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

ActiveUS 165454148

12.14.     Plaintiffs, Plaintiffs' Counsel, and the attorneys, staff, experts, and consultants assisting them in this Action agree that (a) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the subject matter of this Action against the Released Parties, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm the Released Parties with respect to any matter relating to the subject matter of this Action, and (c) they will not discuss any confidential matters related to this Action or the Settlement with anyone.

12.15.     All agreements by, between or among the Settling Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

12.16.     The Settling Parties shall not assert or pursue any action, claim or rights that any Settling Party or other person violated any provision of Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995 (the "PSLRA") or any other applicable law, rule, statute, or regulation in connection with this Action, the Settlement, the Stipulation or the Supplemental Agreement. The Settling Parties agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities Act of 1933, Rule 11 of the Federal Rules of Civil Procedure and/or the PSLRA.  The proposed final judgment will contain a statement reflecting that the Settling Parties' complied with Rule 11 of the Federal Rules of Civil Procedure and all other applicable laws, rules, statutes or regulations, and that the Action was filed in good faith in accordance with the PSLRA.

34

**12.17.**      Any failure by any of the Settling Parties to insist upon the strict performance by any other Settling Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Settling Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Settling Parties to this Stipulation.

**12.18.**      The waiver, express or implied, by any Settling Party of any breach or default by any other Settling Party in the performance of such Settling Party's obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

**12.19.**      The Settling Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

**12.20.**      For the avoidance of doubt, nothing in this Stipulation will have any effect, or be deemed to have any effect, on (a) the claims and causes of action which are the subject of the Second Lien Litigation, as defined in the Second Amended Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates [Case No. 16-10992-smb, Docket No. 3735] (the "Plan"), or (b) Article XV of the Plan.

**12.21.**      For the avoidance of doubt, nothing in this Stipulation will have any effect, or be deemed to have any effect, on the claims and causes of action that are asserted by, or could have been asserted by, Defendant Carlos Domenech Zornoza and/or non-party Francisco Perez Gundin, or their respective heirs, estates, successors or assigns, arising from or relating in any way to the facts, events and circumstances referenced in:  (a) the consolidated actions known as *Gundin v. TerraForm Global, Inc. et. al.*, 1:17-cv-03113-PKC, currently pending in the

35

United States District Court for the District of Southern New York; (b) the pending U.S. Department of Labor - Occupational Health and Safety Administration investigation known as Case No. 3-0020-16-067; or (c) the pending U.S. Department of Labor - Occupational Health and Safety Administration investigation known as Case No. 3-0020-16-060.

ActiveUS 165454148

**IN WITNESS WHEREOF**, the Settling Parties have executed this Stipulation by their

undersigned counsel effective as of the date set forth below.

Dated: December 14, 2017

By: _____

Jack G. Fruchter
Lawrence D. Levit
Cassandra L. Porsch
ABRAHAM, FRUCHTER & TWERSKY, LLP
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
jfruchter@aftlaw.com
llevit@aftlaw.com
cporsch@aftlaw.com

*Attorneys for Lead Plaintiff Pyramid Holdings,*
*Inc. and Lead Counsel for Class*

Dated: December 14, 2017

By: _____

Brian James Robbins          /by EA Y permission
George C. Aguilar
ROBBINS ARROYO, LLP
600 "B" Street
Suite 1900
San Diego, CA 92101
Tel: (619) 525-3990
Fax: (619) 625-3991
brobbins@robbinsarroyo.com
gaguilar@robbinsarroyo.com

*Attorneys for Plaintiff Iron Workers Mid-South*
*Pension Fund*

By: _____

Ex Kano S. Sams II          by EA Y permission
Lionel Z. Glancy
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel:  (310) 201-9150
Fax: (310) 201-9160
esams@glancylaw.com
lglancy@glancylaw.com

37

*Attorneys for Plaintiff Simon Fraser*

Dated:  December 14, 2017

By: *Michael Bongiorno* /s/ PL

Michael G. Bongiorno, Esq.
WILMER CUTLER PICKERING HALE AND
DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 937-7518
Fax: (212) 230-8888
michael.bongiorno@wilmerhale.com

Timothy J. Perla
WILMER CUTLER PICKERING HALE AND
DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
timothy.perla@wilmerhale.com

*Attorneys for Defendant TerraForm Global,
Inc.*

By: _____
Sara B. Brody
Jamie A. Bartlett
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Dorothy J. Spenner
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

Norman J. Blears
SIDLEY AUSTIN LLP
1001 Page Mill Road Building 1
Palo Alto, California 94304
Telephone: (650) 565-7000

*Attorneys for Plaintiff Simon Fraser*

Dated: December 14, 2017

By: _____
Michael G. Bongiorno, Esq.
WILMER CUTLER PICKERING HALE AND
DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 937-7518
Fax: (212) 230-8888
michael.bongiorno@wilmerhale.com

Timothy J. Perla
WILMER CUTLER PICKERING HALE AND
DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
timothy.perla@wilmerhale.com

*Attorneys for Defendant TerraForm Global,
Inc.*

By: _____
Sara B. Brody
Jamie A. Bartlett
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Dorothy J. Spenner
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

Norman J. Blears
SIDLEY AUSTIN LLP
1001 Page Mill Road Building 1
Palo Alto, California 94304
Telephone: (650) 565-7000

38

Facsimile: (650) 565-7100

*Attorneys for Defendants Ahmad Chatila, Jeremy Avenier, Martin Truong, and Brian Wuebbels*

By: _____

Adam S. Hakki
Daniel C. Lewis
Adam J. Goldstein
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
Telephone:  (212) 848-4000
Facsimile:  (212) 848-7179
adam.hakki@shearman.com
daniel.lewis@shearman.com
adam.goldstein@shearman.com
*Attorneys for Underwriter Defendants*


By: _____

Kevin J. O'Connor (pro hac vice)
Rhiannon A. Campbell (pro hac vice)
HINCKLEY ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109
Tel: (617) 345-9000
Fax: (617) 345-9020
koconnor@hinckleyallen.com
rcampbell@hinckleyallen.com


Victoria P. Lane
HINCKLEY ALLEN & SNYDER LLP
14 Wall Street, Suite 5G
New York, NY 10005
Tel: (212) 313-4508
Fax: (212) 313-4501
vlane@hinckleyallen.com


*Attorneys for Defendant Carlos Domenech*

39

Facsimile: (650) 565-7100

*Attorneys for Defendants Ahmad Chatila, Jeremy Avenier, Martin Truong, and Brian Wuebbels*

By:_____
Adam S. Hakki
Daniel C. Lewis
Adam J. Goldstein
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
adam.hakki@shearman.com
daniel.lewis@shearman.com
adam.goldstein@shearman.com
*Attorneys for Underwriter Defendants*

By:_____
Kevin J. O'Connor (pro hac vice)
Rhiannon A. Campbell (pro hac vice)
HINCKLEY ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109
Tel: (617) 345-9000
Fax: (617) 345-9020
koconnor@hinckleyallen.com
rcampbell@hinckleyallen.com

Victoria P. Lane
HINCKLEY ALLEN & SNYDER LLP
14 Wall Street, Suite 5G
New York, NY 10005
Tel: (212) 313-4508
Fax: (212) 313-4501
vlane@hinckleyallen.com

*Attorneys for Defendant Carlos Domenech*

39